O

# United States District Court
# Central District of California

| | |
|---|---|
| CHARLES DAVIS, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>ABM INDUSTRIES, INC., et al.,<br><br>       Defendants. | Case № 2:21-cv-05623-ODW (MRWx)<br><br>**ORDER VACATING DECEMBER 13, 2021 HEARING AND GRANTING WITHOUT LEAVE TO AMEND ABM'S MOTION TO DISMISS [10] AND UNION'S MOTION FOR JUDGMENT ON THE PLEADINGS [19]** |

## I.   INTRODUCTION

Plaintiffs Charles Davis, Jonathan Nabago, Mohamed Bholat, Hasanjee Bholat, Byron Williams, Chiragh Hussain, and Reginald Johnson worked as skycaps for Defendant ABM Industries Incorporated.  Plaintiffs are suing ABM  and Plaintiffs' labor union, Defendant United Service Workers West (SEIU Local 1877) ("Union"), for age discrimination and intentional infliction of emotional distress stemming from ABM's alleged failure to honor Plaintiffs' seniority as provided for in the Collective Bargaining Agreement ("CBA") between ABM and the Union.

ABM moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Plaintiffs' Complaint based on Labor Management Relations Act ("LMRA")

preemption. (Mot. Dismiss ("Mot."), ECF No. 10.) On September 7, 2021, the Court took ABM's motion under submission. (ECF No. 17.) Shortly thereafter, the Union moved pursuant to Rule 12(c) for judgment on the pleadings, also based on LMRA preemption. (Mot. J. Pleadings, ECF No. 19.) After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems both Motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court **VACATES** the December 13, 2021 hearing on the Union's Motion and takes the matter under submission. For the reasons discussed below, the Court **GRANTS** both Motions to Dismiss. (ECF Nos. 10, 19.)

## II. BACKGROUND

For purposes of this Rule 12(b)(6) motion, the Court accepts Plaintiffs' well-pleaded allegations as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Plaintiffs worked for ABM as skycaps at the United Airlines Terminal at Los Angeles International Airport. (Decl. Eric J. Wersching Ex. A ("Compl.") ¶ 14, ECF No. 10-2.) Plaintiffs are all over the age of forty and are members of the Union. (*Id.* ¶¶ 1–7, 9.) ABM and the Union are parties to a CBA. (*Id.* ¶ 12.)

In 2020, airline traffic declined due to COVID-19, and United needed fewer skycaps. (Compl. ¶ 14.) Plaintiffs were transferred to jobs within the terminal and were denied their right to utilize their seniority as provided in the CBA. (*Id.*) This alleged breach of the CBA caused Plaintiffs to lose income and job opportunities. (*Id.*)

Plaintiffs filed suit in the Los Angeles Superior Court, alleging (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA") and (2) intentional infliction of emotional distress. (*See* Compl. ¶¶ 13–23.) Defendants removed the case to federal court based on federal question jurisdiction. (Pet. Removal, ECF No. 1.) ABM moved to dismiss based on LMRA preemption, which is now fully briefed. (Opp'n, ECF No. 14; Reply, ECF No. 16.) The Union

moved for judgment on the pleadings on the same basis, and its motion is fully briefed as well. (Mot. J. Pleadings; Opp'n J. Pleadings, ECF No. 21; Reply J. Pleadings, ECF No. 22.)

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the "minimal notice pleading requirements" of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("Leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

## IV. ABM'S MOTION

ABM moves to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs' claims are preempted by § 301 of the LMRA. A Rule 12(b)(6) motion to dismiss is an appropriate way to raise this argument. *Stone v. Writer's Guild of Am. W., Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996).

The LMRA completely preempts claims "founded directly on rights created by" a CBA as well as any state law claims whose application requires the interpretation of a CBA. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir 2007). The central question of LMRA preemption is whether state law "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). The preemptive force of § 301 applies to tort as well as contract actions. *Id.* at 210–11.

Here, Plaintiffs' claims are preempted because they are "founded directly on rights created by" the operative CBA. *Hayden*, 957 F.2d at 1509. The "essential inquiry" in making this determination is whether the claim "seek[s] 'purely to vindicate a right or duty created by the CBA itself.'" *Curtis v. Irwin Indus., Inc.*,

913 F.3d 1146, 1152–53 (9th Cir. 2019) (quoting *Alaska Airlines v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018)). Thus, "for example, a claim for violation of [a CBA], whether sounding in contract or in tort, . . . is, in effect, a CBA dispute in state law garb, and is preempted." *Schurke*, 898 F.3d at 921 (footnote and citation omitted). Plaintiffs' claims in the instant matter are no more and no less than just that: CBA disputes. Plaintiffs allege they "were not permitted to exercise their terminal and airport seniority as required by the [CBA]. As a result, Plaintiffs were placed at the bottom of the seniority list . . . . Thus, they lost job opportunities and income to younger, less senior employees.'" (Compl. ¶ 14.) Plaintiffs' entire age discrimination claim is founded on a right to compensation which, as alleged, exists because and only because ABM failed to honor the seniority provisions in the operative CBA. (*Id.*; *see also id.* ¶ 12 ("Plaintiffs . . . were not permitted to utilize their . . . seniority[,] in violation of the [CBA].").) Put differently, if there were no CBA in this case, Plaintiffs would have no right to seniority and therefore no claim for age discrimination. Plaintiffs' allegation that they "complained . . . to enforce the [CBA]" further confirms that the rights Plaintiffs seek to enforce by way of this action arise directly from the CBA. (Compl. ¶ 15.)

Plaintiffs' age discrimination claim is therefore "founded directly on rights created by" the CBA. *Hayden*, 957 F.2d at 1509. The claim is "preempted, and the analysis ends there."[1] *Curtis*, 913 F.3d at 1153 (quoting *Burnside*, 491 F.3d at 1059 (brackets removed)).

The foregoing analysis applies as much to Plaintiffs' claim for intentional infliction of emotional distress as it does to their claim for age discrimination. Plaintiffs allege they suffered emotional distress because ABM "refuse[d] to enforce contract provisions which properly recognized Plaintiffs' airport and terminal seniority." (Compl. ¶ 21.) This alleged refusal to enforce the CBA is the sole act

---

[1] The Court need not and does not address the second aspect of the LMRA preemption test (whether Plaintiffs' claims require the interpretation of the CBA).

from which Plaintiff's emotional distress claim arises. (*See* Compl. ¶¶ 20–23.) In other words, without the rights created by the CBA, Plaintiffs have no claim for emotional distress. Therefore, the emotional distress claim is likewise founded directly on rights created by the CBA, and it is likewise preempted. *See Wood v. Pac. Gas & Elec. Co.*, No. C–00–0052 THE, 2000 WL 502850, at *3 (N.D. Cal. Apr. 25, 2000); *Hayden*, 957 F.2d at 1509. The Court **DISMISSES** both claims against ABM on this basis.

Plaintiffs request leave to amend, but only in connection with their emotional distress claim, and only in the event the Court finds that Plaintiffs fail to allege facts to support emotional distress. (Opp'n 7.) Plaintiffs do not request leave to amend in the event the Court finds their claims to be preempted. (*See generally* Opp'n.) ABM suggests that this is because the six-month statute of limitations on Plaintiffs' LMRA § 301 claim has already run. (Reply 6 n.3.) Regardless, it is Plaintiffs' burden to persuade the Court to grant leave to amend, and Plaintiffs fail in that burden. Plaintiffs' Complaint is therefore dismissed **WITHOUT LEAVE TO AMEND**.

## V. THE UNION'S MOTION

The Union moves for judgment on the pleadings, also on the basis of LRMA preemption. (Mot. J. Pleadings.) After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Twombly*, 550 U.S. at 555.

Like ABM, the Union sufficiently demonstrates that LMRA preemption applies to both claims. Plaintiffs' claims are preempted because of the nature of the rights they are suing to enforce, and the preemptive force of § 301 therefore applies equally to both Defendants. The Union's Motion is **GRANTED**, and the claims against the Union are **DISMISSED WITHOUT LEAVE TO AMEND**.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** ABM's Motion to Dismiss, (ECF No. 10), and **GRANTS** the Union's Motion for Judgment on the Pleadings, (ECF No. 19), both **WITHOUT LEAVE TO AMEND**, resulting in a **DISMISSAL** of the Complaint in its entirety **WITH PREJUDICE**. The Court will issue Judgment.

**IT IS SO ORDERED.**

December 7, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**